UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

          Plaintiff,

vs.

Springfield Armory XDM 10mm Pistol
with Magazine and Ammunition,

Ruger 57 .57 Caliber Pistol Serial No.
64185397 with Magazine and
Ammunition,

          Defendants *in rem.*
_____/

Civil Case No.
Honorable

## COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff, the United States of America, by and through Dawn Ison, United States Attorney for the Eastern District of Michigan, and Kelly Fasbinder, Assistant United States Attorney, and states upon information and belief in support of this Complaint for Forfeiture *in rem* that:

### JURISDICTION AND VENUE

1. This is an *in rem* civil forfeiture action pursuant to 21 U.S.C. § 881(a)(11) and 18 U.S.C. § 924(d)(1), due to violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 922(g)(1).

2. The Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 as this action is being commenced by the United States of America as Plaintiff.

3. This Court has *in rem* jurisdiction over this forfeiture action, pursuant to 28 U.S.C. § 1355(b)(1)(A) and (B), as the acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court pursuant to 28 U.S.C. § 1395(b), as the Defendant *in rem* was found and seized in the Eastern District of Michigan.

## DEFENDANTS *IN REM*

6. The Defendants *in rem* consist of and are specifically described as:

   a. Springfield Armory, XDM-10, semi-automatic pistol, s/n: 64185397, with 1 Magazine and 15 Rounds of Ammunition;

   b. Ruger-5.7, 5.7x28 mm caliber, semi-automatic pistol, s/n: 64185397, with 1 .57 Caliber Magazine and 21 Rounds of .57 Caliber Ammunition.

7. Members of the Drug Enforcement Administration ("DEA") seized the Defendants *in rem* in Flint, Michigan September 29, 2021.

8. The Defendants *in rem* are currently in the custody of the DEA.

2

## STATUTORY BASIS FOR CIVIL FORFEITURE

9.  Title 21 United States Code, Section 881(a)(11) authorizes the civil forfeiture of any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances and any proceeds traceable to such property.

10. Under 18 U.S.C. § 922(g)(1), it is unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess in or affecting commerce, any firearm or ammunition.

11. Title 18 United States Code, Section 924(d)(1) governs the civil forfeiture of any firearm or ammunition involved in violations of 18 U.S.C. § 922(g). Under 18 U.S.C. § 924(d)(1), "any firearm or ammunition involved in or used in any knowing violation of" 18 U.S.C. § 922(g) "shall be subject to seizure and forfeiture . . . ."

## FACTUAL BASIS IN SUPPORT OF CIVIL FORFEITURE

12. The Defendants *in rem* were used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances and, therefore, are subject to civil forfeiture pursuant to 21 U.S.C. § 881(a)(11).

13. The Defendants *in rem* were involved in a knowing violation of 18 U.S.C. § 922(g)(1) and are therefore subject to federal forfeiture pursuant to 18 U.S.C. § 924(d)(1).

14. The facts and evidence in support of these assertions include, but are not limited to, the following:

   a. On September 29, 2021, members of the Michigan State Police and DEA agents executed a State of Michigan search warrant at XXX1 Mallery Street, Flint, MI, the residence of Arie Nelson (Nelson) and Latia Moore (Moore).

   b. Both Nelson and Moore were present during the search.

   c. Two loaded firearms were found in a kitchen desk drawer. A magazine and ammunition were found on top of the desk in the kitchen.

   d. During the search, various quantities of Promethazine were found in the kitchen, basement, and driver's side compartment of the car parked in the home's attached garage. Several hundred multi-colored pills were found in the basement and in a pair of sweatpants located in a bedroom.

   e. In the basement, Nelson had a baggie holding about 975 pills of Eutylone, a Schedule I controlled substance, weighing 219 grams.

4

f. On top of a bar in the basement, a black digital scale and red bowl were found, both with white powdery residue. A second digital scale was found under the living room couch. These items were used by Nelson to facilitate his narcotics trafficking.

g. 574 grams of powder cocaine and 36 grams of cocaine base was found in the car parked inside the attached garage of Nelson and Moore's residence on Mallery Street in Flint. Nelson intended on distributing this cocaine to others. In the year preceding the September 2021 search of Nelson and Moore's residence on Mallery Street, it is estimated Nelson bought a kilogram of cocaine monthly from a supplier. He then sold the cocaine to users in Flint.

h. Michigan Secretary of State records showed the vehicle containing the powder cocaine and cocaine base in the attached garage of the Mallery Street residence was registered to Moore.

i. During the search of the Mallery Street Residence, agents/officers conducted a post-Miranda interview with Nelson who stated that he moved one of the firearms from the car to the home the night before the search.

j. In 2012-2013, Nelson was convicted of and sentenced for possessing ammunition as a felon in federal court. Because he served more than

5

        one year of imprisonment in the Bureau of Prisons, he knew that he had been convicted of a crime punishable by a term of imprisonment exceeding one year when he possessed the defendant *in rem* firearms and ammunition in September 2021.

k.     On July 13, 2023, before the United States District Court for the Eastern District of Michigan, Nelson pleaded guilty to his conduct on September 19, 2021. Specifically, Nelson pleaded guilty to Possessing with Intent to Distribute Cocaine (500 Grams or More) and being a Felon in Possession of a Firearm. On December 12, 2023, Nelson was sentenced to a term 80 months in prison and 4 years of probation.

## **CLAIM**

15.     The United States hereby incorporates by reference, repeats and re-alleges, each and every allegation contained in Paragraphs 1 through 14 above, including their subparts.

16.     The Defendants *in rem* are forfeitable to the United States of America under 21 U.S.C. § 881(a)(11) because they were used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances and any proceeds traceable to such property.

17. The Defendants *in rem* are forfeitable to the United States of America under 18 U.S.C. § 924(d)(1) because they were involved in a knowing violation of 18 U.S.C. § 922(g)(1), in that they were possessed by a felon.

## CONCLUSION AND RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

(a) that Warrants of Arrest for the Defendants *in rem* be issued;

(b) that notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed;

(c) that judgment be entered declaring that the Defendants *in rem* be condemned and forfeited to the United States for disposition according to law; and

(d) that the United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

Dawn N. Ison
United States Attorney

S/Kelly Fasbinder
Kelly Fasbinder (P80109)
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, Michigan 48226
(313) 226-9520
Kelly.Fasbinder@usdoj.gov

Dated: September 30, 2024

**VERIFICATION**

I, Nicholas J. Daly, state that I am a Special Agent with the U.S. Drug Enforcement Administration. I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true and correct based upon knowledge possessed by me and/or upon information received from other law enforcement agents.

_____
Nicholas J. Daly, DEA Special Agent

Dated: September 27, 2024